IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SCOTT NATHON WEHMHOEFER, #795907, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 3:07-CV-2185-B |
| NATHANIEL QUARTERMAN, | ) ) | |
| Defendant. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

On December 26, 2007, Plaintiff, proceeding *pro se*, filed the habeas corpus petition in this action. Plaintiff is presently confined at the Coffield Unit of the Texas Department of Criminal Justice, Correctional Institution Division, in Tennessee Colony, Texas. The Court has not ruled on Plaintiff's motion for leave to proceed *in forma pauperis*, but notes that he is barred by the three-strike provision unless he shows an imminent danger of physical injury. *See* 28 U.S.C. § 1915(g).

Liberally construed the petition does not seek habeas corpus relief. Rather it claims Plaintiff's life is presently in danger as a result of conduct by prison officials at the Coffield Unit, where he is presently confined.

The Fifth Circuit Court of Appeals has long recognized that civil rights actions "are the proper vehicle to attack unconstitutional conditions of confinement and prison procedures." *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997). "A habeas petition, on the other hand, is the proper vehicle to seek release from custody." *Id.*; *see also Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam) (same).

In this action Plaintiff's claims clearly relate to the conditions of his confinement. Accordingly, the petition for writ of habeas corpus should be construed as a civil rights action.

The Court addresses next whether venue is proper in the Northern District. 28 U.S.C. § 1391(b), which governs venue of a federal cause of action, provides in pertinent part as follows:

> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

The events giving rise to this cause of action occurred in Anderson, in the Tyler Division of the U.S. District Court for the Eastern District of Texas, where the Coffield Unit is located. 28 U.S.C. § 124(c)(1). Because Plaintiff's claims arise out of events that occurred in Anderson County and that are related to his confinemet at the Coffield Unit, and involve defendants employed at the Coffield Unit, venue is not proper in the Northern District of Texas. The Court will transfer this case in the interest of justice to the Eastern District of Texas, Tyler Division.

When venue is not proper, a district court has the authority to dismiss the case or transfer it in the interest of justice to any district or division in which the action could have been brought. 28 U.S.C. § 1406(a). Section 1406(a) provides as follows:

2

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

A district court has broad discretion in determining whether to dismiss or transfer a case in the interest of justice. *See Caldwell v. Palmetto State Savings Bank of South Carolina*, 811 F.2d 916, 919 (5th Cir. 1987).

RECOMMENDATION:

For the foregoing reasons, it is recommended that the Clerk be ordered to MODIFY the nature of suit and cause on the docket sheet to reflect that this action has been construed as a prisoner civil rights action (nature of suit 550).

It is further recommended that this action be TRANSFERRED to the Tyler Division of the Eastern District of Texas for further proceedings.

A copy of this recommendation will be mailed to Plaintiff.

SIGNED this 10th day of January, 2008.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.